CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSE LUIS AGAPITO, on behalf of himself and     :     Case No. 18 CV18079
others similarly situated,     :
    :
                    Plaintiff,     :     **FLSA COLLECTIVE**
    :     **ACTION and RULE**
    -against-     :     **23 CLASS ACTION**
    :     **COMPLAINT**
AMIR RAM BAGELS, INC. d/b/a TAL BAGELS,     :
TAL ON 1ST INC. d/b/a TAL BAGELS,     :
LX AVENUE BAGELS, INC. d/b/a TAL BAGELS,     :
MOHAMMED KAMAL, AMIR RAM,     :     **Jury Trial**
IMANUEL HALON, and HOSSAM ZEBIB,     :     **Demanded**
    :
                    Defendants.     :

-------------------------------------------------------------------------X

Plaintiff JOSE LUIS AGAPITO (hereinafter, "Plaintiff"), on behalf of himself

and other similarly situated employees, by and through his undersigned attorneys, Cilenti

& Cooper, PLLC, files this Complaint against defendants AMIR RAM BAGELS, INC.

d/b/a TAL BAGELS ("AMIR RAM BAGELS"), TAL ON 1ST INC. d/b/a TAL BAGELS

("TAL ON 1ST"), LX AVENUE BAGELS, INC. d/b/a TAL BAGELS ("LX AVENUE

BAGELS") (collectively, the "Corporate Defendants" or the "Restaurants"),

MOHAMMED KAMAL, AMIR RAM, IMANUEL HALON, and HOSSAM ZEBIB

(collectively, the "Individual Defendants") (the Corporate Defendants and the Individual

Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premiums for each day that his shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Bronx County, New York.

6.      Defendant, AMIR RAM BAGELS, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 333 East 86[st] Street, New York, New York 10022 (the "Upper East Side Location").

2

7.    Defendant, TAL ON 1ST, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 357 First Avenue, New York, New York 10010 (the "First Avenue Location").

8.    Defendant, LX AVENUE BAGELS, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1228 Lexington Avenue, New York, New York 10028 (the "Lexington Avenue Location").

9.    The Individual Defendants are the officers, owners, shareholders, directors, supervisors, managing agents, and proprietors of the Corporate Defendants, who actively participate in the day-to-day operations of the Restaurants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

10.    The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.    The Individual Defendants are present on the premises of the Restaurants on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

3

12. Upon information and belief, at least within the three (3) most recent years relevant to the allegations contained herein, the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

13. Defendants employed Plaintiff from in or about January 2013 until on or about May 27, 2018 to work as a non-exempt grill cook, food preparer, cashier and counter-person/server for each of Defendants' Restaurants doing business as "Tal Bagels."

14. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

17. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. The Individual Defendants actively participate in the day-to-day operation of the Restaurants. For instance, the Individual Defendants personally supervise and

4

direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for errors made.

19.     The Individual Defendants jointly create and approve all crucial business policies, and jointly make decisions concerning the location where the employees are to work, number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

20.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

21.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

22.     The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

23.     In or about January 2013, Defendants hired Plaintiff to work at the Upper East Side Location as a non-exempt grill cook, food preparer, cashier, and counter-person/server.

24.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

25.     On or about September 20, 2015, Defendants – specifically on the instruction of defendant MOHAMMED KAMAL, transferred Plaintiff to work in the same capacities at the First Avenue Location.

26.     In or about September 2016, Defendants – specifically on the instruction of defendant MOHAMMED KAMAL, transferred Plaintiff back to the Upper East Side Location to work in the same capacities.

27.     On or about October 8, 2017, Defendants – specifically on the instruction of defendant MOHAMMED KAMAL, directed Plaintiff to work in the same capacities two (2) days per week at the Lexington Avenue Location and four (4) days per week at the Upper East Side Location.

28.     Plaintiff continued to work in those capacities until his employment came to an end on or about May 27, 2018.

29.     Plaintiff was required to punch a time clock or other time-recording device to track his work hours at the beginning and end of each work shift throughout the entirety of his employment.

30.     From the beginning of his employment and continuing through on or about September 19, 2015, while working at the Upper East Side Location, Plaintiff worked six (6) days per week and, although his work shift fluctuated each week, his normal work schedule consisted of nine and one-half (9½) hours per day on Monday, Thursday, Friday, and Saturday from 5:00 a.m. until 2:30 p.m.; ten (10) hours on Tuesday

6

from 12:30 p.m. until 10:30 p.m.; and ten (10) hours on Sunday from 5:00 a.m. until 3:00 p.m.

31.     Plaintiff's work shift would occasionally exceed ten (10) hours in a single day.

32.     From the beginning of his employment and continuing through in or about April 2013, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $9 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     Beginning in or about May 2013 and continuing through in or about December 2013, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $9.50 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34.     Beginning in or about January 2014 and continuing through in or about May 2015, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $10 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes in excess thereof). Work performed above

forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.     Beginning in or about June 2015 and continuing through on or about September 19, 2015, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $10.50 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes in excess thereof).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36.     Beginning on or about September 20, 2015 and continuing through in or about August 2016, while working at the First Avenue Location, Plaintiff normally worked six (6) days per week and, although his work shift fluctuated each week, his normal work schedule consisted of thirteen (13) hours on Monday from 8:00 a.m. until 9:00 p.m.; nine (9) hours per day on Tuesday and Friday from 5:00 a.m. until 2:00 p.m.; eleven (11) hours on Thursday from 5:00 a.m. until 4:00 p.m.; and ten (10) hours per day on Saturday and Sunday from 5:00 a.m. until 3:00 p.m.

37.     Plaintiff would occasionally work seven (7) days per week during this period.

38.     Beginning on or about September 20, 2015 and continuing through in or about October 2015, while working at the First Avenue Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $10.50 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof).  Work

8

performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.    Beginning in or about November 2015 and continuing through in or about August 2016, while working at the First Avenue Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $11 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40.    Beginning in or about September 2016 – upon being transferred back to the Upper East Side Location, and continuing through on or about October 7, 2017, Plaintiff worked six (6) days per week and, although his work shift fluctuated each week, his normal work schedule consisted of twelve (12) hours on Monday from 5:00 a.m. until 5:00 p.m.; eleven (11) hours on Tuesday from 5:00 a.m. until 4:00 p.m.; nine (9) hours on Thursday from 4:00 a.m. until 1:00 p.m.; and ten (10) hours per Friday through Sunday from 4:00 a.m. until 2:00 p.m.

41.    Plaintiff would occasionally work seven (7) days per week during this period.

42.    Beginning in or about September 2016 and continuing through in or about December 2016, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $11 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof). Work performed above

forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     Beginning on or about January 2017 and continuing through on or about April 16, 2017, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $11.50 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     Beginning on or about April 17, 2017 and continuing through in or about August 2017, while working at the Upper East Side Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $12.50 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about September 2017 and continuing through on or about October 7, 2017, while working at the Upper East Side Location Location, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $13 per hour straight time for all hours worked, and worked sixty-two (62) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

46.     Beginning on or about October 8, 2017 – upon being instructed to work at both the Upper East Side Location and Lexington Avenue Location during the same week, and continuing through the remainder of his employment on or about May 27, 2018, Plaintiff worked six (6) days per week and, although his work shift fluctuated each week, his normal work schedule consisted of nine (9) hours per day from 5:00 a.m. until 2:00 p.m. regardless of which location he was working.

47.     Beginning on or about October 8, 2017 and continuing through on or about February 11, 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $13 per hour straight time for all hours worked, and worked fifty-four (54) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

48.     Beginning on or about February 12, 2018 and continuing through the remainder of his employment on or about May 27, 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly in cash and part by check, at the rate of $13.50 per hour straight time for all hours worked, and worked fifty-four (54) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

49.     Defendants failed to provide Plaintiff with written wage statements during each pay period, which sets forth his gross wages, deductions, and net wages.

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeded ten (10) hours in a single day, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

52.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since September 5, 2015 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

54.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

55.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

56.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

57.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13

58.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

59.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

60.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

62.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since September 5, 2012 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation or "spread of hours" premium in violation of the New York Labor Law (the "Class").

63.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

64.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

65.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

66.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

67.     Plaintiff will fairly and adequately protect the interests of the NY Class members.   Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

68.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.   Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

69.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

70.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

16

b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.   Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

f.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

71.   Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.   At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

73.      At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

74.      Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, Defendant AMIR RAM BAGELS has had gross revenues in excess of $500,000.

75.      Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, Defendant TAL ON 1ST has had gross revenues in excess of $500,000.

76.      Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, Defendant LX AVENUE BAGELS has had gross revenues in excess of $500,000.

77.      Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly have had gross revenues in excess of $500,000.

78.      Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

79.      Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

80.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

81.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

82.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

83.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

84.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

85.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

86.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

87.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88.     Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

89.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

90.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

91.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day that their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

92.     Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

93.     Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

94.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

95.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

96.     Neither at the time of their hiring, nor anytime thereafter, did Defendants notify Plaintiff and the Class members in writing of their regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

97.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

21

98.    Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff JOSE LUIS AGAPITO, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)    An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
September 5, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Jose Luis Agapito , am an employee currently or formerly employed by Tal Bagels , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
8/28 , 2018