USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Jose Luis Agapito, on behalf of himself and others similarly situated,

                    Plaintiffs,

-against-

Amir Ram Bagels, Inc. d/b/a Tal Bagels et al.,

                    Defendants.

1:18-cv-08079 (ALC) (SDA)

**OPINION & ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiffs Jose Luis Agapito and MD Mazharul Islam bring this action, on behalf of themselves and others similarly situated, against Defendants Amir Ram Bagels, Inc., LX Avenue Bagels, Inc., Tal On 1st Inc., Imanuel Halon, Mohammed Kamal, Amir Ram, and Hossam Zebib (collectively, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. (Am. Compl., ECF No. 32.) On November 8 and 9, 2019, Defendants Amir Ram Bagels, Inc., LX Avenue Bagels, Inc. and Tal On 1st Inc. (collectively, the "Debtor Defendants") filed for bankruptcy in the Eastern District of New York. (*See* Petitions, Androphy Decl. Exs. A to C, ECF Nos. 93-1 to 93-3.)

      Now before the Court is a motion by Defendants to transfer venue to the United States District Court for the Eastern District of New York in order to facilitate referral of this action to the Bankruptcy Court in that District. (Defs.' Motion, ECF No. 92.) Also before the Court is a motion by Plaintiffs to sever their claims against the Debtor Defendants pending the outcome of the bankruptcy proceedings. (Pls.' Motion, ECF No. 85.)

For the reasons set forth below, Defendants' motion to transfer venue is DENIED and Plaintiffs' motion to sever is DENIED AS MOOT.[1]

**I.     Defendants' Motion To Transfer Venue**

Defendants recognize that, before this case can be referred to Bankruptcy Court in the Eastern District, it must first be transferred to that District. (Defs.' Mem., ECF No. 94, at 7.) Defendants ask the Court to transfer this action pursuant to the bankruptcy venue statute, 28 U.S.C. § 1412 or, alternatively, pursuant to the general venue transfer statute, 28 U.S.C. § 1404(a). The Court must determine which transfer of venue statute, if either, is appropriate. *See Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-CV-00307, 2020 WL 5600851, at *2 (S.D.N.Y. Sept. 18, 2020) (discussing "material differences" between statutes, including burden of proof—"Section 1404(a) places a clear and convincing standard on the moving party. . . while Section 1412 only requires a preponderance of the evidence").

**A.     28 U.S.C. § 1412**

Section 1412 states that "[a] district court may transfer a case or proceeding under [T]itle 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "Actions arising under Title 11 are 'any matter under which a claim is made under a provision of [T]itle 11.'" *Zohar CDO 2003-1, Ltd.*, 2020 WL 5600851, at *4 (quoting *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 511 (S.D.N.Y. 2015)). The parties appear to agree that Plaintiffs' labor law claims are not made under a provision of Title 11. Nonetheless,

---

[1] A motion for transfer of venue is a non-dispositive motion, unless it addresses the fundamental question of whether a case should remain in federal court, which is not at issue here. *See, e.g.*, *Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-03111 (LAK) (OTW), 2019 WL 6728860, at *2 (S.D.N.Y. Dec. 10, 2019); *see also Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13-CV-01108 (RJA) (MJR), 2018 WL 1663255, at *2 (W.D.N.Y. Apr. 6, 2018) (collecting cases).

Defendants argue that § 1412 applies because this case constitutes a "core proceeding." (Defs.' Mem. at 8.)

The Court notes that the concept of core versus non-core proceedings often arises in the jurisdictional context. *See In re Robert Plan Corp.*, 777 F.3d 594, 596 ("A bankruptcy court's power to adjudicate matters in a bankruptcy case turns in part on whether the proceedings are 'core' or 'non-core.'") (citing 28 U.S.C. § 157(b), (c)). However, courts in this district commonly look to whether an action is "core" or "non-core" when determining whether a case may be transferred pursuant to § 1412. *See Zohar CDO 2003-1, Ltd.*, 2020 WL 5600851, at *4; *see also* Defs.' Mem. at 8 (citing cases); *but see Multibank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 624 (Bankr. S.D.N.Y. 2018) ("The terms of section 1412 simply do not grant me the power to transfer a New York State litigation that is not a case or proceeding 'under' the Bankruptcy Code.").

"[T]he definition of core is slightly broader than just actions arising under Title 11." *Zohar CDO 2003-1, Ltd.*, 2020 WL 5600851, at *4. "Core proceedings are those that are found to be "arising under" the Bankruptcy Code or 'arising in' a bankruptcy case." *In re Robert Plan Corp.*, 777 F.3d at 596. "Claims that clearly invoke substantive rights created by federal bankruptcy law necessarily arise under Title 11 and are deemed core proceedings." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006) (internal citation omitted). "So too are proceedings that, by their nature, could arise only in the context of a bankruptcy case." *Id*. at 109.

Applying these principles, the Court finds that this action is not a "core proceeding" as Plaintiffs' claims "do not owe their existence to the Bankruptcy Code." *Zohar CDO 2003-1, Ltd.*, 2020 WL 5600851, at *4. Defendants' argument that this action is related to the bankruptcy proceedings is not enough. *See id*. ("transferring pursuant to Section 1412 on a bare finding that

only 'related to' jurisdiction existed is contrary to a plain reading of the statute"); *see also Multibank, Inc.*, 594 B.R. at 622 (contrasting wording of § 1412 with other sections of Title 28 that relate to bankruptcy cases and bankruptcy-related matters). For these reasons, I find that transfer of venue under Section 1412 is not warranted. Accordingly, I now consider Defendants' motion under § 1404(a).

### B. 28 U.S.C. § 1404(a)

Pursuant to § 1404(a), "transfer is not permitted unless the transferee district is one where the action 'might have been brought' in the first place, unless all parties consent to the transfer." *Multibank, Inc.*, 594 B.R. at 624 (quoting 28 U.S.C. § 1404(a)). "[T]he requirement that the transferee district be a place where the case could have been brought means that the transferee district must be a place where the plaintiff, as a matter of right, could have filed the action in the first place." *Id*. (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).

As Plaintiffs do not consent to transfer, the Court considers whether Plaintiffs could have filed this action in the Eastern District. Defendants do not address this threshold issue and instead argue only that "the factors considered under the general venue statute would also support transfer of venue to the Eastern District." (Defs.' Mem. at 11.) Thus, Defendants have not met their burden to show by "clear and convincing evidence" that transfer is permitted.[2] *See Zohar CDO 2003-1, Ltd.*, 2020 WL 5600851, at *2 (citing *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010)).

---

[2] In this regard, the Court notes that venue does not appear to lie under 28 U.S.C. § 1391, since the events giving rise to the claims in this case arose in the Southern District of New York, which may be why Defendants do not address the threshold issue.

**II.     Plaintiffs' Motion To Sever**

Prior to Defendants' filing of the motion to transfer, Plaintiffs filed a motion to sever their claims against the individual defendants, so that such claims may proceed in this Court independently of the claims against the Debtor Defendants.[3] Because I am denying Defendants' motion to transfer, and this case will now proceed against the individual defendants, I find that Plaintiffs' motion to sever is moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue (ECF No. 92) is DENIED and Plaintiffs' motion to sever (ECF No. 85) is DENIED AS MOOT. The parties shall meet and confer and file a joint letter with the Court no later than November 9, 2020, setting forth their joint (or respective) proposal(s) regarding a schedule for the disposition of this case.

**SO ORDERED.**

DATED:     New York, New York
           October 31, 2020

_____
STEWART D. AARON
United States Magistrate Judge

---

[3] The Court notes that Plaintiffs' motion originally had been filed as a cross-motion in response to Defendants' prior motion to refer this action to Bankruptcy Court, but the motion and cross-motion were withdrawn. (*See* ECF Nos. 57, 61, 72.)